73414. THE STATE v. STOREY et al.
(351 SE2d 502)

SOGNIER, Judge.

Storey and several other persons were charged with disrupting the legislature by shouting protestations to the death penalty and refusing to obey orders of security personnel and other law enforcement

personnel to leave the State Capitol building, in violation of OCGA §§ 50-16-14 and 50-16-16. Appellees' motion to dismiss the accusations on the ground that the statutes were unconstitutional was granted, and the State filed this appeal in the Supreme Court of Georgia. The Supreme Court ruled that it does not have jurisdiction over this appeal because the only issue in the case has been decided adversely to appellees' contention of unconstitutionality. Therefore, the Supreme Court transferred the appeal to this court by order dated August 7, 1986.

Appellees' motion to dismiss was based on three grounds. First, that the statutes are so overbroad and vague that they fail to place a reasonable person on notice as to what acts are made criminal, in violation of the due process clause; second, that the statutes violate First Amendment guarantees of freedom of speech and the right of all persons to assemble peaceably and petition the government for redress of grievances; and third, that the statutes, as applied to appellees, violate the aforementioned First Amendment rights.

We have no transcript of the hearing on the motion to dismiss. However, in appellees' brief they acknowledge that they abandoned the first ground of their motion and that the trial court did not hear evidence on or otherwise consider the third ground of appellees' motion to dismiss. In its order, the Supreme Court also stated that appellees abandoned the first ground of their motion to dismiss and that the trial court did not hear evidence on or otherwise consider the third ground of appellees' motion to dismiss. Thus, the only issue before this court is whether §§ 50-16-14 and 50-16-16 violate First Amendment guarantees of freedom of speech and the right to assemble peaceably and petition the government for redress of their grievances. This issue has been decided adversely to appellees' contention in *State v. Boone*, 243 Ga. 416, 418-419 (1) (254 SE2d 367) (1979). Accordingly, the trial court erred by granting appellees' motion to dismiss the accusations against them.

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED NOVEMBER 24, 1986 —
REHEARING DENIED DECEMBER 5, 1986 —

*James L. Webb, Solicitor, Norman R. Miller, E. Duane Cooper, Assistant Solicitors*, for appellant.
*Michael R. Hauptman*, for appellees.